IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

BEVERLY MANNING,

   PLAINTIFF,

V.

SOUTHEASTERN GROCERS
LLC d/b/a WINN-DIXIE,

   DEFENDANT.

CIVIL ACTION NO.:

1:17-cv-00440

## COMPLAINT

### I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 621. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), et seq. (ADEA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

### II. PARTIES

1

3. Plaintiff, BEVERLY MANNING, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Monroeville, Monroe County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, SOUTHEASTERN GROCERS LLC d/b/a WINN-DIXIE (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq*. Defendant employed at least twenty persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about August 28, 1992.

7. Defendant initially employed Plaintiff as a cashier in the Winn-Dixie store located at 1834 S. Alabama Avenue, in Monroeville, Alabama.

8. After about three years as a cashier, Plaintiff was promoted to General Merchandise Manager.

9. After about a year as the General Merchandise Manager, Plaintiff was promoted to Dairy and Frozen Food Manager.

10. After two years as the Dairy and Frozen Food Manager, Plaintiff was transferred to the Bakery Manager position.

11. Plaintiff remained in the Bakery Manager position until the events that led to her termination on May 31, 2017.

12. During the course of Plaintiff's 25-year career with Defendant, Plaintiff only received one write up.

13. Plaintiff performed in a satisfactory or better manner for her entire career for Defendant.

14. On or about November of 2016, Ashley (LNU) became the Store Manager for the Monroeville, Alabama store.

15. About three months after Ashley arrived, she began to question Plaintiff about when she was going to retire.

16. Plaintiff responded that she had no immediate plans to retire.

17. Ashley responded that one of the problems was that the store had too many "oldies" in the store.

18. Ashley further explained that if she could get rid of some of the oldies, who were making more money in the store to leave, she could put more hours in the store for less expensive employees.

19. Ashley raised the issue of plaintiff's retirement on at least three occasions.

20. On one occasion Ashley remarked that she had seen Plaintiff's house and vehicles and that if Plaintiff sold some of those things, she could retire now.

21. Plaintiff responded that the house was not hers and that she had too many people depending on her for support to retire.

22. Ashley left the store on or about March 1, 2017.

23. On May 1, 2017, Defendant notified Plaintiff that Winn-Dixie was restructuring the store and Plaintiff was slated to be laid off.

24. As part of the restructuring Winn-Dixie eliminated one manager position.

25. Plaintiff was invited to bid on the three remaining open positions within the store.

26. Plaintiff applied for the Deli/Bakery Manager position.

27. Plaintiff was qualified for the Deli/Bakery Manager position.

28. Plaintiff applied for a Pricing position.

29. Plaintiff was qualified for the Pricing position for which she applied.

30. Plaintiff also applied for Co-Manager position.

31. Plaintiff was qualified for the Co-Manager position.

32. On or about May 24, 2017, plaintiff went to Mobile where she was interviewed for both the Deli/Bakery Manager position and the Pricing Positions.

33. When she arrived, she found that Ashley, the person who had frequently urged her to retire was on the panel of interviewers.

34. Plaintiff did not get either position that she interviewed for on May 24, 2017.

35. Instead, the Bakery/Deli manager position went to Lisa Vanilla, a person of African ancestry who is substantially younger than Plaintiff.

36. Defendant did not immediately notify Plaintiff that she did not get the Pricing position.

37. Instead, Plaintiff learned that she had not received the position when she called Brian Johnson, the Store Manager and asked about the status.

38. Johnson told Plaintiff that the position had been reposted, and that he did not know that she had applied for the position.

39. When Plaintiff asked Johnson why she had been passed over for the position, he said he did not know that she had applied.

40. Plaintiff applied for the Pricing position again on or about May 27, 2017.

41. Johnson then advised Plaintiff to call Lee (LNU) in Human Resources to find out why she had not received the position.

42. Despite clear evidence to the contrary on Plaintiff's résumé, Lee told Plaintiff that she was not qualified.

43. The position is now being performed by Roseanne (LNU), a person whose only prior work with Winn-Dixie was as a cashier, a position Plaintiff held before.

44. Defendant never interviewed Plaintiff for the Co-Manager position at all.

45. Robbie (LNU) a person of African ancestry who is under 40 years old and with less experience is fulfilling the co-manager position.

46. Defendant terminated Plaintiff's employment on May 31, 2017.

47. As of the date of Plaintiff's termination, Plaintiff held the position of Bakery Manager.

48. Plaintiff was notified that she would be terminated from the Bakery Manager position on or about May 31, 2017, and invited to apply for open positions within her store.

49. Plaintiff applied for the Bakery/Deli Manager Position, a position for which she was qualified.

50. Defendant hired Lisa Vanilla, a younger, less qualified person of African Ancestry, with fewer qualifications to fill the Bakery/Deli Manager Position.

51. Plaintiff applied for the Pricing position, a position for which she was qualified.

52. Defendant filled the Pricing position with Roseanne, a younger, less qualified person.

53. Plaintiff applied for the Co-Manager position, a position for which she was qualified.

54. Defendant filled the Co-Manager position with Robbie (LNU), a younger, less qualified person of African Ancestry.

## IV. COUNT ONE – AGE DISCRIMINATION IN EMPLOYMENT ACT – FAILURE TO HIRE.

55. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-54 above.

56. Defendant hired Plaintiff on or about August 28, 1992.

57. Defendant employed Plaintiff as a Bakery Manager.

58. In March of 2017, Ashley left Defendant's store.

59. Defendant terminated Plaintiff's employment on May 31, 2017.

60. At the time Defendant terminated Plaintiff's employment, Plaintiff was 52 years of age.

61. As of the date of Plaintiff's termination, Plaintiff held the position of Bakery Manager.

62. Defendant chose Lisa Vanilla, a younger person of African ancestry to fill the Bakery/Deli Manager position after the company reduced positions.

63. Brian Johnson informed Plaintiff that her position would be eliminated and her employment would be terminated if she did not get one of the remaining positions at her store.

64. Defendant's employee, Ashley, who had previously urged Plaintiff to retire, made the decision not to hire plaintiff to fill the Bakery Manager Position.

65. But for plaintiff's age, she would have been chosen for the Bakery Manager position for which she applied.

66. Instead, Defendant filled the position with Lisa Vanilla, a person who was substantially younger than Plaintiff.

67. But for plaintiff's age, she would have been chosen for the Co-Manager position, for which she applied.

68. Instead, Defendant filled the Co-Manager position with Robbie a person who is substantially younger than Plaintiff.

69. On May 31, 2017, Defendant terminated Plaintiff's employment for the stated reason that she had not been chosen for a position within the store.

70. Defendant's actions in failing to hire Plaintiff, a more qualified candidate, was a violation of the ADEA.

71. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

V.  **COUNT TWO – AGE DISCRIMINATION IN EMPLOYMENT ACT –TERMINATION.**

72. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-71 above.

73. Defendant hired Plaintiff on or about August 28, 1992.

74. Plaintiff served in various non-exempt and managerial positions during her tenure.

75. At the time of her termination Plaintiff served as the Bakery Manager.

76. Beginning in early 2017, Plaintiff's manager, Ashley began to pressure plaintiff to retire, to allow her to allocate pay to other employees in the store with less tenure.

77. On or about May 1, 2017, Defendant notified Plaintiff that her position would be eliminated and she would need to apply for open positions within the store if she wanted to remain employed.

78. Plaintiff applied for three positions within the store prior to her termination, all of which she was qualified for.

79. Plaintiff did not hire Plaintiff for any of the positions for which she applied even though she was qualified, thereby ensuring her termination.

80. Defendant terminated Plaintiff's employment on May 31, 2017.

81. At the time Defendant terminated Plaintiff's employment, Plaintiff was 52 years of age.

82. As of the date of Plaintiff's termination, Plaintiff held the position of Bakery Manager.

83. Defendant chose Lisa Vanilla, a younger person of African ancestry to fill the Bakery/Deli Manager position after the company reduced positions.

84. But for plaintiff's age, she would not have been chosen for termination during the reduction in force.

85. Defendant's actions in choosing plaintiff for the reduction in force because of her age, was a violation of the ADEA.

86. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. COUNT THREE – TITLE VII –FAILURE TO HIRE.

87. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-86 above.

88. Plaintiff is a person of European Ancestry.

89. Defendant hired Plaintiff on or about August 28, 1992.

90. Defendant employed Plaintiff as a Bakery Manager.

91. Defendant notified Plaintiff that her position was being eliminated and she would be terminated unless she found another position on or about May 1, 2017.

92. Plaintiff applied for the Bakery/Deli Manager position, a position for which she was qualified.

93. Despite Plaintiff's superior qualifications, Defendant selected, Lisa Vanilla, a less qualified person of African ancestry, to fill the position.

94. Plaintiff applied for the Co-Manager position, a position for which she was qualified.

95. Despite Plaintiff's superior qualifications, Defendant selected Robbie, a less qualified, person of African ancestry, to fill the position.

96. On May 31, 2017, Defendant terminated Plaintiff's employment for the stated reason that she had not been chosen for a position within the store.

97. Defendant's actions in failing to hire Plaintiff, a more qualified candidate, was a violation of Title VII.

98. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

## VII. COUNT FOUR – 42 U.S.C § 1981 –FAILURE TO HIRE.

99. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-99 above.

100. Plaintiff is a person of European ancestry.

101. Defendant hired Plaintiff on or about August 28, 1992.

102. Defendant employed Plaintiff as a Bakery Manager.

11

103. Defendant notified Plaintiff that her position was being eliminated and she would be terminated unless she found another position on or about May 1, 2017.

104. Plaintiff applied for the Bakery/Deli Manager position, a position for which she was qualified.

105. Despite Plaintiff's superior qualifications, Defendant selected, Lisa Vanilla, a less qualified person of African ancestry, to fill the position.

106. Plaintiff applied for the Co-Manager position, a position for which she was qualified.

107. Despite Plaintiff's superior qualifications, Defendant selected Robbie, a less qualified, person of African ancestry, to fill the position.

108. On May 31, 2017, Defendant terminated Plaintiff's employment for the stated reason that she had not been chosen for a position within the store.

109. Defendant's actions in failing to hire Plaintiff, a more qualified candidate, was a violation of 42 U.S.C § 1981.

110. As a result of Defendant's violation of 42 U.S.C. 1981, Plaintiff has been damaged, suffering loss of pay and benefits.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADEA and/or Title VII;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding her reinstatement to the position she would have had, had she not been terminated;

C. Award her back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant are violative of the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205

T: 205.252.1550 F: 205.502.4476

**PLEASE SERVE DEFENDANT(S) AT:**
SOUTHEASTERN GROCERS LLC d/b/a WINN-DIXIE
Southeastern Grocers LLC
8928 Prominence Parkway, Suite 200
Jacksonville, Florida 35226

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL